## GUMERSINDO GUTIERREZ

*v.*

## NEW YORK & PORTO RICO S. S. COMPANY.

---

San Juan, Law, No. 596.

In personal injury cases where it is doubtful, under the wording of the complaint, as to whether, when the proofs are in, a cause of action will have been made out, the court may, in its discretion, overrule a de-

Gutierrez v. New York & P. R. S. S. Co.

murrer to the complaint, reserving its right to sustain a demurrer to the evidence at the trial.

Memorandum filed June 18, 1909.

---

*Mr. Willis Sweet,* attorney for plaintiff.

*Mr. N. B. K. Pettingill,* attorney for defendant.

RODEY, Judge, filed the following memorandum:

This matter is before us on the demurrer of the defendant to the complaint. Plaintiff sues for a personal injury he received on board one of the defendant's steamboats by a rope coiling around his leg and breaking it, and throwing him into the sea in the bay of San Juan, Porto Rico. He claims that the accident occurred through the negligence of the defendant in that its mate ordered him to perform the work in which he was engaged at a time when the speed of the ship was too great to permit it to be performed, but that the danger was not so manifestly great as to prevent a prudent man from obeying it. The defendant demurs, first, because, as the action is brought at law, and not in admiralty, it is subject to the notice provision of the local employers' liability act.

This ground of demurrer is cured by a tender of an amended complaint, showing that such notice was given. The amended complaint is permitted to be filed for that purpose.

The second ground of demurrer is that, from the complaint, it appears that the accident occurred from the negligence of a fellow servant, and that all the officers and crew of a ship are

Gutierrez v. New York & P. R. S. S. Co.

fellow workers in a common enterprise, and that one cannot recover for the negligence of the other. A vast list of authorities is submitted on both sides, and they are quite bewildering. We cannot tell from the wording of the complaint whether or not we would let the case go to the jury after the proofs are in, but, instead, might sustain a demurrer to the evidence at such time.

However, under authority of Daub v. Northern P. R. Co. 18 Fed. 625, which is a case practically like the one at bar, and on the binding authority of Northern P. R. Co. v. Egeland, 163 U. S. 93, 41 L. ed. 82, 16 Sup. Ct. Rep. 975, we will overrule the demurrer *pro forma*.

In examining the record in this case we are puzzled, as it is filed at law instead of in admiralty; but perhaps it properly belongs at law, under our decision in Lopez y Ros v. New York & P. R. S. S. Co. 2 Porto Rico Fed. Rep. 395, and under the closing paragraph of the opinion in Knapp, S. & Co. Co. v. McCaffrey, 177 U. S. 648, 44 L. ed. 926, 20 Sup. Ct. Rep. 824.

The question also suggests itself whether or not the recovery will be subject to the limit of $2,000 provided for in § 2 of the local employers' liability act. Porto Rico, Rev. Stat. 1902, p. 151.

The order will be as indicated, plaintiff taking the risk of having a demurrer to his evidence sustained on the trial, if, in the opinion of the court, the facts shall not warrant a recovery.